WILLIAM POOLE et al., Plaintiffs in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

Upon the trial of a criminal action the jury is to deal with probabilities not possibilities ; in order to convict it is not required to find that it was not possible for another than the prisoner to have committed the crime ; it is sufficient that all the material circumstances point to his guilt, and that they are inexplicable on the theory of his innocence.

(Argued March 1, 1880 ; decided March 9, 1880.)

THE plaintiffs in error were convicted in the Court of General Sessions, in and for the city and county of New York, of the crime of murder in the second degree. The principal questions here were upon the facts, the court held them sufficient to sustain the indictment. The trial judge, upon the request of the counsel for the prisoners, charged the jury that before they could convict them, " they must be satisfied beyond a reasonable doubt that no other persons but the prisoners killed the deceased." He was then asked to charge that " it is not in evidence that any person saw the assault upon the deceased, and that it is possible that persons other than the prisoners may have committed the assault ; " this he refused. *Held,* no error, the court say, the judge " had covered the law sufficiently in his charge of the prior

request, and the rule embodied in the last request was not the proper one. Juries are not to deal with possibilities, but with probabilities, in such cases. When a case depends upon circumstantial evidence, and in most other cases a jury could not find that it was not possible for some one besides the prisoner to have committed the offence. A jury is never required to find that it was not possible for another to have committed the crime before they can convict a prisoner on trial ; or, in other words, to find that it is impossible for the prisoner to be innocent. Such a degree of certainty is rarely attainable in the administration of justice. It is sufficient that all the material circumstances point to guilt, and that they are inexplicable upon the theory of innocence. The guilt must be established beyond a reasonable, not beyond a possible doubt."

*William F. Howe* for plaintiffs in error.

*Benj. K. Phelps* for defendant in error.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.